UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 10-01532-TLM |
| RANDALL WADE BLACKBURN ) | |
| and LISA ANN BLACKBURN ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION

Before the Court in this chapter 7[1] case is a question of the form of Order to be entered upon the application of the chapter 7 trustee, Jeremy Gugino ("Trustee"), for the approval of the employment of attorney John Jackman of Northridge, California ("Special Counsel") under § 327(e).  *See* Doc. No. 65 ("Application").  Trustee filed the Application in order to employ Special Counsel to pursue certain state court litigation.  The compensation arrangement disclosed in the Application was a contingency fee.  *Id.* at 2.

The Application drew an objection.  Doc. 66.  That objection was later withdrawn, but the Court required a hearing to gain more information about the unexplained reference, in the withdrawal, that it followed a "negotiated

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Code"), and all rule references are to the Federal Rules of Bankruptcy Procedure 1001–9037.

MEMORANDUM OF DECISION - 1

agreement." At a hearing on January 18, Trustee adequately explained the situation, and the Court approved the Application and requested an appropriate form of order. Trustee submitted an order that stated, in part:

> Compensation and expenses for Special Counsel shall be in such amounts as may be deemed reasonable and appropriate by the Court under the circumstances upon proper application, notice and hearing therefor; and Special Counsel per 11 U.S.C. sec. 330. [sic]

The Court caused Trustee to be contacted by its deputy clerk to ask if this form of order had been submitted in error, given that Ninth Circuit authorities treat compensation through a contingency fee under § 328 differently than compensation under § 330. Trustee declined the invitation to submit a modified form of order.

This Court observed in *In re Tamarack Resort, LLC*, 10.4 I.B.C.R. 123, 2010 WL 4117459 (Bankr. D. Idaho 2010), that clarification of employment compensation under § 328 is important in this Circuit. *Id.* at 126 n.35 (citing *The Circle K Corporation v. Houlihan, Lokey, Howard & Zukin, Inc. (In re the Circle K Corporation)*, 279 F.3d 669 (9th Cir. 2002)). The Court of Appeals in *Circle K* stated:

> This appeal presents the question of how a professional employed in the course of a Chapter 11 bankruptcy proceeding can be assured that its fee will be reviewed under the standards of 11 U.S.C. § 328, rather than § 330. Section 328 permits a professional to have the terms and conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the agreed-upon conditions only "if such terms and conditions prove to have been

MEMORANDUM OF DECISION - 2

> improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." In the absence of preapproval under § 328, fees are reviewed at the conclusion of the bankruptcy proceeding under a reasonableness standard pursuant to 11 U.S.C. § 330(a)(1).
>
> . . .
>
> We hold that unless a professional's retention unambiguously specifies that it seeks approval under § 328, it is subject to review under § 330. As a matter of good practice, the bankruptcy court's retention order should likewise specifically confirm that the retention has been approved pursuant to § 328 so as to avoid any ambiguity.

279 F.3d at 671.[2]

The Application did not cite to either § 328 or § 330 in connection with the terms of employment. It referenced only § 327 in connection with seeking approval of employment. Yet the reference to the use of a contingency fee as a proposed method of compensation raises a clear question. Was Special Counsel contemplating that he would be able to seek compensation, if his employment was approved and he was successful in the subject litigation, through the contingency fee and under the standards of § 328 which limit alteration of compensation to situations where the terms and conditions of the agreement prove improvident in light of developments not capable of being anticipated at the time of the agreement? Or was Special Counsel of the understanding that, despite the

---

[2] The operative Code provisions for approval of employment are the same for a trustee in chapter 7 employing a professional as they are for a chapter 11 debtor in possession, and *Circle K* is equally instructive in both circumstances.

MEMORANDUM OF DECISION - 3

contingency fee agreement, any compensation would be allowed only on an analysis of actual and necessary services rendered and the time spent thereon, a reasonable rate therefore, and all the other factors set forth in § 330?

It is not the Court's charge to monitor or assure the common understanding of trustees (or debtors in possession) and their professionals. However, *Circle K* does hold that, as a matter of good practice, the Court's order should specifically confirm that retention is under § 328 if that is what is sought and that is what the Court is willing to approve.

Here, the Application did not, in *Circle K*'s words, "invoke § 328." The proffered order does not "specifically confirm" retention and proposed compensation under § 328. To the contrary, the proposed order refers solely and unambiguously to § 330. Trustee has declined the opportunity to modify the proposed order.

Therefore, Trustee's form of order will be entered. In light of *Circle K*, this Decision clarifies "so as to avoid any ambiguity" that the retention and compensation of Special Counsel is under § 330.

DATED: January 27, 2011

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 4

## CERTIFICATE OF SERVICE

      A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

John J. Jackman
PO Box 7624
Northridge, CA 91327

Case No.  10-01532-TLM

Dated:  January 27, 2011

      /s/
Suzanne Hickok
Law Clerk to Chief Judge Myers

MEMORANDUM OF DECISION - 5